IN THE UNITED STATES OF AMERICA
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MARTY McLENDON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CV-10-BE-1450-M** |
| ] | |
| **DEALER DEVELOPMENT GROUP** ] | |
| **SERVICES, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**MEMORANDUM OPINION**

This matter comes before the court on "Defendants' Motion to Compel Arbitration and Stay and Transfer Proceedings" (doc. 11).  The pro se Plaintiff filed "Objection to Motion to Compel Arbitration, Stay Proceedings, and Change Venue" (doc. 12) and "Further Opposition to Motion to Compel Arbitration and Stay and Transfer Proceedings" (doc. 17) and "Plaintiff's Further Objection to Defendants' Motion to Compel Arbitration and Stay and Transfer Proceedings" (doc. 18).  The Defendants filed their Reply Brief (doc. 15) and also moved to strike Plaintiff's sur replies (doc. 19).  For the reasons stated below, the court finds that Defendants' Motion to Compel Arbitration and to Transfer should be granted, any further stay of this action should be denied, and the Motion to Strike should be denied.

This case arises out of an employment dispute between Plaintiff Marty McLendon and his former employer Dealer Development Group Services, and its agents Daniel T. Tarwater, III, Sean E. Tarwater and Jerome Bolin.  As part of his employment, Plaintiff signed an Employment Agreement that contained an Arbitration Agreement.  That provision reads:

1

> 19. <u>Arbitration</u>.  Except as otherwise provided in this Section, the parties hereby agree that <u>any dispute arising under this Agreement or any claim for breach or violation of any provision of this Agreement</u> or <u>related to the employment relationship</u> or otherwise, including those created by practice, common law, court decision or statute, now existing or created later, <u>including any related to allegations of violations of state or federal statutes related to discrimination, and all disputes about the validity of this arbitration clause</u> shall be submitted to binding arbitration, pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA"), to a single arbitrator selected by mutual agreement of the parties or, if the parties do not mutually agree on the arbitrator, in accordance with the rules of the AAA.  The determination of the arbitrator shall be final and binding upon the parties.  Each party shall have the right to bring an action in any court of competent jurisdiction to enforce any arbitrator's award rendered pursuant to this Section.  <u>The venue for all proceedings in arbitration under this provision, and for any judicial proceedings related to the arbitration, shall be in Kansas City, Missouri.</u>  Nothing in this Section, however, shall prevent the Company from seeking injunctive relief to preserve its rights under Sections 6, 7, 8, 9 or 10 of this Agreement.

Ex. 1 to Defendant's Motion (doc. 11-2) (emphasis added).

In addition, immediately before Plaintiff's signature, the Agreement reads:

> THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION.  BY SIGNING THIS AGREEMENT THE PARTIES ARE GIVING UP ANY RIGHT THEY MIGHT HAVE TO SUE EACH OTHER IN A COURT OF LAW AND TO HAVE A TRIAL BY JURY IN ANY ACTION.

*Id.*

In January 2009, the Defendants terminated Plaintiff's employment.  He filed suit on June 9, 2010, alleging violations of the Americans with Disabilities Act and the Age Discrimination in Employment Act.  In response, Defendants filed the pending motion, invoking the arbitration clause of the Employment Agreement.

In his responses, the Plaintiff basically argues the merits of his case and apparently attempts to appeal to the sympathy of the court. (See attachments to doc. 12, including photos of his deceased son.) Such appeals are not appropriate in motion practice.

Instead, the "validity of an arbitration agreement is generally governed by the Federal Arbitration Act." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary contract principles and (b) the claims before the court fall within the scope of that agreement. *See* 9 U.S.C. §§ 2-4; *see also Lambert v. Auslin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). "[T]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement." *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998). Nonetheless, "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419-20 (11th Cir. 1990).

As to the merits of the Defendants' motion to compel arbitration, the Plaintiff argues that the entire contract is void, because the Defendants breached it; that he did not consent to a stay, other than two weeks for Defendants to respond to his complaint; and that venue should not be changed because the contract was voided by Defendants' breach. (See doc. 12). In his further submissions, filed after the Defendants' reply brief, outside the court's briefing schedule and

3

which Defendants seek to strike (doc. 19), the Plaintiff cites cases from outside the Eleventh Circuit for various propositions that the arbitration clause is not enforceable in the employment discrimination context. (See docs. 17, 18). He also alleges that the clause is unconscionable and coercive, making it unenforceable. *Id.*

The court notes first that cases from courts other than the United States Supreme Court and Eleventh Circuit Court of Appeals are not binding on this court. Instead this court must follow the pronouncements of those controlling courts. For example, the United States Supreme Court has upheld the enforcement of arbitration clauses in employment contracts under the Federal Arbitration Act. See *Circuit City v. Adams*, 532 U.S. 105, 111-24 (2001). Specifically, the High Court and the Eleventh Circuit have enforced arbitration provisions in matters involving allegations of discrimination, such as those brought by Plaintiff here. *See 14 Penn Plaza, LLC v. Pyett*, ___ U.S. ___, 129 S. Ct. 1456 (2009) (enforcing arbitration of an ADEA claim); *Lambert v. Auslin Ind.*, 544 F.3d 1192, 1199 (11th Cir. 2008) (enforcing arbitration of race and age discrimination claims, as well as retaliatory discharge). Therefore, Plaintiff's reliance on cases from other jurisdictions does not defeat the Motion to Compel.

Further, the Plaintiff's challenges to the validity of the employment agreement are matters the arbitrator can determine. See *Buckeye Check Cashing Inc. v. Cardegna*, 546 U.S. 440, 445 (2006) ("[T]he issue of the contract's validity must be considered 'in the first instance' by the arbitrator, not the court."); *see also Rent-A-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S. Ct. 2772, 2778-79 (2010) (if a party challenges the enforceability of the agreement as a whole, rather than just the specific arbitration provision, the challenge is for the arbitrator); *Rucker v. Oasis Legal Finance, LLC*, 644 F. Supp. 2d 1350, 1356 (N.D. Ala. 2009) ("It is well-established

that challenges to the validity of the contract as a whole and not specifically to the arbitration clause itself must go to the arbitrator.") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Buckeye*, 546 U.S. at 445; 9 U.S.C. § 2, *et seq.*). Indeed, the arbitration clause itself specifically provides that the arbitrator shall decide questions concerning any breach of the agreement, such as those Plaintiff asserts defeat the application of the arbitration clause. Therefore, Plaintiff's assertion that the contract is invalid because of the Defendants' breach or its unconscionability do not defeat the motion to compel arbitration.

In this case, the clear language of the arbitration agreement encompasses the Plaintiff's challenge that the contract which includes the arbitration clause is invalid because of the defendants' breach rendering the arbitration clause unenforceable. The arbitration clause covers "any dispute arising under this Agreement or any claim for breach or violation of this agreement . . . and all disputes about the validity of this arbitration clause . . . ." Furthermore, the arbitration agreement specifically includes any dispute "related to the employment relationship . . . including any related to allegations of violations of state or federal statutes related to discrimination . . . ." Therefore, the claims asserted in this law suit under the Americans with Disabilities Act and the Age Discrimination in Employment Act fall within the scope of the arbitration clause. Thus, the court finds that all aspects of Plaintiff's disputes with the Defendants fall under the clearly articulated scope of the arbitration clause.

Similarly, Plaintiff's vague assertions of hardship do not defeat the forum selection clause. *See P&S Business Machines v. Canon U.S.A., Inc.*, 331 F.3d 804, 807-08 (11th Cir. 2003) (instructing district court to transfer according to forum selection clause dispite asserted financial difficulties).

Pursuant to the plain language of the arbitration clause and in adherence to the controlling law of the Supreme Court and the Eleventh Circuit, the court finds that the arbitration clause and the forum selection clause of Plaintiff's Employment Agreement must be honored. Therefore, Defendants' motion to compel arbitration and to transfer are due to be granted. Because the court grants Defendants' substantive motion and has considered all of Plaintiffs' submissions in doing so, the motion to strike is due to be denied. The court finds no reason to further stay this case. The case will be dismissed without prejudice for the Plaintiff to pursue his claims via arbitration. A separate order to this effect will be entered simultaneously.

DONE and ORDERED this 24th day of February 2011.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE